IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

RICHARD FERRI, an individual,

        Plaintiff,

v.

SCOTT SALASKE, an individual,

        Defendant.

Case No. 14-cv-10248

Hon.

_____

**MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.**
Gerard V. Mantese (P34424)
David Hansma (P71056)
Attorneys for Plaintiff
1361 E. Big Beaver Road
Troy, MI  48083
(248) 457-9200
gmantese@manteselaw.com
dhansma@manteselaw.com

Ronald P. Cheli (P28251)
**Cheli Lyshak & Pohl PLC**
26154 Woodward Ave.
P.O. Box 1257
Royal Oak, MI 48068
(248) 545-1700
chelir@lawmich.com

_____

**RECORDS PRESERVATION NOTICE**

**You are hereby notified to preserve during the pendency of this action all records and documents in all forms and formats (digital, electronic, film, magnetic, optical, print, etc.) that are relevant or may lead to relevant information, and to notify your employees, agents and contractors that they are required to take appropriate action to do the same.**

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, by his attorneys, Mantese Honigman Rossman and Williamson, P.C., and for his Complaint and Jury Demand, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is domiciled in the State of Texas, and is the founder of Portfolio Solutions, LLC.

2. Defendant Salaske is a resident of the State of Michigan, and he is a holding himself out as the purported manager and member "in control" of Portfolio Solutions, as those terms are defined in MCL § 450.4515(1).

3. Portfolio Solutions is a Michigan limited liability company with its registered office in Oakland County, Michigan.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, and the case is between citizens of different states.

6. Venue is properly laid in this Court, pursuant to 28 USC § 1391(b)(2), because the events giving rise to this claim occurred in the Eastern District of Michigan.

## COUNT I

## DECLARATORY RELIEF

7. A case and controversy exists between the parties.

8. Specifically, Defendant has taken certain actions and positions that are inconsistent with the parties' agreements, Michigan statutory law, and equity and good conscience.

9. Because of Defendant's conduct, including his attempt to usurp control of Portfolio Solutions, declaratory relief is necessary.

10. Specifically, Plaintiff requests entry of an Order declaring that due to Defendant's breaches of agreement, violations of law, and inequitable conduct, Plaintiff is the 100% owner and sole Manager of Portfolio Solutions.

## COUNT II
## MEMBER OPPRESSION PURSUANT TO MCL § 450.4515

11. Plaintiff restates and incorporates all allegations set forth herein.

12. Defendant Salaske is acting as a purported manager and/or member "in control" of Portfolio Solutions as defined in MCL § 450.4515(1).

13. As a purported manager and member in control of Portfolio Solutions, Defendant Salaske is required to adhere to a special duty of care in the operation of the company and to act fairly in the balancing of his personal interests against those of the other members.

14. Defendant Salaske's positions as a purported manager/member in control of Portfolio Solutions require of him a strict standard of fiduciary responsibility, a standard more akin to a partnership, which connotes not mere honesty but the punctilio of an honor most sensitive – which he has breached in an egregious fashion.

15. Defendant Salaske has violated these, and other, principles by acting illegally, fraudulently, in a willfully unfair and oppressive manner, and in his own self-interest as to both Portfolio Solutions and to the membership thereof.

16. Accordingly, he has violated MCL § 450.4515, and Plaintiff is entitled to various remedies, which include, among other remedies which the Court may consider just and equitable, the following:

    a. The cancellation or alteration of various provisions contained in various documents.
    b. The direction, alteration, or prohibition of an act of the entity or its purported members or managers.

      c. An award of damages to Plaintiff and/or the limited liability company.

17. In violation of MCL § 450.4515, Defendant Salaske has engaged in a pattern and practice of illegal, fraudulent, willfully unfair and oppressive conduct, including, but not limited to:

      a. Making various fraudulent representations to the Plaintiff.

      b. Failing to follow protocol.

      c. Refusing to provide Plaintiff with business documents, financial records, and information about Defendant Salaske's activities to which Plaintiff is entitled both under the Michigan Limited Liability Act, MCL § 450.4101 et. seq., and the various agreements between the parties.

      d. Depriving Plaintiff of appropriate involvement in the management of Portfolio Solutions.

      e. Depriving Plaintiff from receiving benefits from his ownership in the company.

      f. Maliciously, and in bad faith, engaging in a scheme to diminish Plaintiff's rights.

      g. Engaging in acts with the intent to squeeze Plaintiff out of the company rather than provide to him the fair share of his investment.

18. The acts of Defendant Salaske, as described herein, are illegal, fraudulent, and willfully unfair and oppressive to Plaintiff's interests in Portfolio Solutions, and have caused damages to both Plaintiff and Portfolio Solutions.

## COUNT II – BREACH OF FIDUCIARY DUTIES

19. Plaintiff restates and incorporates all allegations set forth herein.

20. Defendant Salaske owes various fiduciary duties directly to Plaintiff in a variety of respects.

21. Defendant Salaske has breached the fiduciary duties that he owes to Plaintiff by, among other things, acting in an oppressive and unfair manner toward Plaintiff, and by virtue of the conduct set forth above.

22. Defendant Salaske's conduct has at all times been wanton, intentional, and malicious, and therefore warrants the imposition of exemplary damages.

23. Defendant Salaske's actions have caused, and will continue to cause, significant monetary damages to Plaintiff and to Portfolio Solutions.

**WHEREFORE,** as to all Counts alleged herein, Plaintiff respectfully requests the following relief:

    i. Appointment of a receiver;

    ii. Compensatory, actual, incidental, consequential, exemplary and other damages to which Plaintiff is entitled;

    iii. All applicable remedies under MCL § 450.4515;

    iv. All applicable remedies under MCL § 450.4101, *et. seq.*;

    v. An order of declaratory relief, holding that Defendant Salaske is neither an owner nor Manager of Portfolio Solutions;

    vi. Disgorgement of all monies received by Defendant Salaske from Portfolio Solutions;

    vii. Equitable, common law, and statutory interest;

    viii. Attorney's fees, costs, and pre- and post-filing interest;

    ix. A full accounting as to Portfolio Solutions;

    x. Damages assessed personally against Defendant and those employees in active concert and participation with him; and

    xi. Any other appropriate legal, equitable, and injunctive relief, including an order that Defendant may not use company monies to fund his defense.

Respectfully Submitted,

**MANTESE HONIGMAN ROSSMAN
AND WILLIAMSON, P.C.**
Attorneys for Plaintiff

By:   /s/Gerard Mantese_____
Gerard Mantese (P34424)
David Hansma (P71056)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200
gmantese@manteselaw.com
dhansma@manteselaw.com

Ronald P. Cheli (P28251)
**Cheli Lyshak & Pohl PLC**
26154 Woodward Ave.
P.O. Box 1257
Royal Oak, MI 48068
(248) 545-1700
chelir@lawmich.com

Dated: January 18, 2014

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully Submitted,

**MANTESE HONIGMAN ROSSMAN
AND WILLIAMSON, P.C.**
Attorneys for Plaintiff

By:   /s/Gerard Mantese_____
Gerard Mantese (P34424)
David Hansma (P71056)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

                          Ronald P. Cheli (P28251)
**Cheli Lyshak & Pohl PLC**
26154 Woodward Ave.
P.O. Box 1257
Royal Oak, MI 48068
(248) 545-1700
chelir@lawmich.com

Dated: January 18, 2014